**BOWLES, Price Adm'r, v. RIVET–CAUSEY READY–TO–WEAR.**

Civil Action No. 935.

District Court, W. D. Louisiana, Shreveport Division.

Feb. 4, 1944.

Malcolm E. Lafargue, of Shreveport, La., Amos J. Coffman, of Dallas, Tex., and Talmadge Kinnebrow, James G. Palmer, and William B. Phelps, all of Shreveport, La., for plaintiff.

Robert L. Garrett, of Shreveport, La., for defendant.

DAWKINS, District Judge.

The bill of complaint charges that defendant has violated maximum price regulation No. 330 of the Office of Price Administration, with respect to women's coats, dresses and suits, in that the prices for which they were sold exceeded those required by the regulations and established during the base period, to-wit: $39.99 for coats, $39.95 for dresses, $29.95 for suits.

A restraining order was issued and at the hearing defendant filed answer, admitting sales in all the categories in excess of the prices alleged, but denying that they were above those covered by the base period.

Defendant also pleaded the unconstitutionality of the statute and regulations adopted thereunder. This question, however, will not be passed upon in disposing of the application for preliminary injunction but will be reserved for the merits.

The plaintiff offered the bill of complaint with affidavit attached thereto supporting the charges as to all three classes of merchandise. The defendant called witnesses on oral examination to prove its sales of suits only during the base period and in the memorandum in support of its position, has stated that the "case is before the court at this time on one point or issue only. Whether the price limitation on the sale of suits as set forth in Art. 7 of the plaintiff's petition is correct or whether the defendant should be allowed to sell suits of a higher quality and fashion in accordance with the testimony in this case showing sales previously made of suits ranging from $34.95 to $74.00, as alleged and set forth in Art. 6 of defendant's answer". Therefore, the Court will consider only the matter of women's suits.

The regulations and orders affecting this subject are quite intricate and complicated. Counsel for plaintiff has submitted a short memorandum referring to price regulation No. 330, with respect to the issues in the present case, and as the court understands, argues in effect that the manufacture of what is usually known as costume suits, constituting mainly those that were sold by defendant at the higher prices during the base period, was prohibited by order L–85, dated April 9, 1942, and which became effective on August 17, 1942. We have been unable to find, and counsel has not referred to the provision which it is said prohibited the manufacture of said suits. As the court understands the meaning of costume suits from the evidence offered in this case, as distinguished from the ordinary coat suit, it is that in the former there was an attached top, which in some instances, permitted it to be worn as a dress and in others consisted of vests without sleeves, similar to the top of women's underslips which could not be so worn.

The attorney for the defendant contends that the costume suit was one having a top attached to the skirt, which was popular in the base period, but is no longer made or sold because of style changes and was nevertheless a coat suit within the meaning of the regulations.

After a careful examination of the regulations and the War Productions Board order, L–85, as amended December 11, 1943, which is the only thing cited dealing with the matter and which the court has been able to find, the pertinent provisions seem to be as follows:

Section 3290.4(a) (4) of order L–85 defines "suit" as "a garment consisting of a separate jacket and skirt . * * * sold as one unit". Subsection (e) of said section 3290.4 deals with the "measurements of all apparel for feminine wear covered by this schedule" and in paragraph "(2) jackets" we find the expression: "separate jackets and jackets which are the tops of suits * * *" included in giving the "measurements" therefor to be used undoubtedly in their manufacture in the future. So that, instead of prohibiting the manufacture of this type of "(costume) suit", it would seem that they are expressly provided for. By referring to "separate jackets" and "jackets which are tops of suits" it would seem to be implied that the jacket would be attached to the "top of suits". In any event, we think the burden was upon the plaintiff to point out the provision which prohibits the future manufacture of such suits and this has not been done. On the other hand, the defendant argues, as stated, that this costume suit was simply a type of coat suit, which was popular at the time, but nevertheless a suit of the better class of materials which it handled and which established the maximum price at which it could sell.

The conclusion is that the plaintiff has failed to make out his case as against the coat suits, and the preliminary injunction seeking to restrain the handling of such articles at the maximum prices should be denied.

Proper decree should be presented.